## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KIM WILLIAMS, INDIVIDUALLY | § | |
| AND A/N/F TO D.H., A MINOR | § | |
| | § | |
| VS. | § | CIV. NO. _____ |
| | § | |
| BOBBY GLEN BENHAM AND | § | |
| WAGNER TRUCKING, INC. | § | |

---

### DEFENDANTS WAGNER TRUCKING, INC. AND
### BOB BENHAM'S NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

Removing parties, Wagner Trucking, Inc. and Bob Benham, Defendants in the above-styled and numbered cause, hereby remove Cause No. CC-16-04973-C from the Dallas County Court at Law No. 3 to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1332, 1441, and 1446, and as grounds for their removal, would respectfully show the Court as follows:

1.      Removing parties are Defendants in the above-entitled action.

2.      On October 3, 2016, Plaintiff Kim Williams filed her Original Petition and the above-entitled action was commenced against the removing parties in the Dallas County Court at Law No. 3, Cause No. CC-16-04973-C.

3.      On October 24, 2016, Defendant Wagner Trucking was served with Plaintiffs' Original Petition; this Notice is filed within thirty days of that date and is hereby timely.

4.      The above-entitled action is removable to federal court as this Court has original jurisdiction based on diversity jurisdiction.

5.      As stated in Plaintiffs' Original Petition, this lawsuit involves allegations of negligence against Bobby Benham for failing to operate a vehicle in a reasonably prudent manner at the time of the incident described in the Petition.  *See* Plaintiffs' Petition, p. 3-4.  Plaintiffs also allege Defendant Wagner Trucking is vicariously liable for Mr. Benham's alleged negligence and that it is separately liable for negligent entrustment and negligent hiring, supervision, training, and/or retention. *See* Plaintiffs' Petition, p. 4-5.  Plaintiff alleges significant damages that exceed the minimum amount in controversy for diversity jurisdiction.

DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6.      This Court has jurisdiction over this matter under 28 U.S.C.§1332(a), because there is complete diversity of citizenship between Plaintiffs and Defendants, and more than $75,000, exclusive of interest and costs, is at stake.

7.      Plaintiffs allege in their Original Petition that they are citizens of the State of Texas and that their primary residence is in Dallas County, Texas. *See* Plaintiffs' Original Petition, p. 2.

8.      Plaintiffs allege in their Original Petition that Bobby Benham is a citizen of the State of Texas. However, that is incorrect.  Mr. Benham is, and at all relevant times has been, a citizen of Washington State.

9.      Defendant Wagner Trucking, Inc. is not a citizen of Texas; it is a Minnesota company. *See* Plaintiffs' Orig. Pet., p. 2.   Therefore, there is complete diversity between Plaintiffs and Defendants in this action.

10.     Plaintiffs have requested damages in excess of $100,000.00 for past and future medical expenses, past and future physical and mental pain and suffering, past and future mental anguish, past and future physical impairment, lost wages, loss of earning capacity, and property damage.   *See* Plaintiffs' Original Petition, pgs. 2 & 6. The allegations of serious injuries following a truck accident can provide a sufficient basis for a court to conclude that the amount in controversy exceeds the minimum amount for diversity jurisdiction. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999); *Gebbia v. Wal-Mart Stores*, Inc. 233 F.3d 880, 881-882 (5th Cir. 2000).

11.     Thus, all things considered, the amount in controversy in this suit is over $75,000, and the jurisdictional threshold under 28 U.S.C. 1332(a) is satisfied.

12.     Plaintiff's Original Petition therefore presents a cause of action with diversity jurisdiction, and removal of this action to this Court is proper pursuant to 28 U.S.C. 1332(a).

13.     Pursuant to Local Rule 81.1, a completed civil cover sheet and a completed supplemental civil cover sheet are filed herewith.

14.     Pursuant to Local Rule 81.1, the following documents are attached hereto and filed herewith:

      a.  <u>Exhibit 1</u>: an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

      b.  <u>Exhibit 2</u>: a copy of the docket sheet in the state court action;

      c.  <u>Exhibit 3</u>: each document filed in the state court action, except discovery material;

      d.  <u>Exhibit 4</u>: a separately signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e) will be filed upon case docketing.

Defendants Bobby Benham and Wagner Trucking, Inc. respectfully request that the Parties and the Dallas County Court at Law No. 3 take notice of the removal of this case to the United States District Court for the Northern District of Texas, Dallas Division. Defendants request such other and further relief to which they may be entitled.

Respectfully submitted,

CHAMBLEE,   RYAN,   KERSHAW   &
ANDERSON, P.C.

By: _____
JEFFERY M. KERSHAW
State Bar No. 11355020
TIMOTHY DAVIS
State Bar No. 24086142

eservicejkershaw@crka.law

2777 Stemmons Freeway, Suite 1157
Dallas, Texas  75207
(214) 905-2003
(214) 905-1213 (Facsimile)

ATTORNEYS FOR DEFENDANTS
WAGNER TRUCKING, INC. AND
BOB BENHAM

## CERTIFICATE OF SERVICE

I do hereby certify that on November 8, 2016 a true and correct copy of the above and foregoing document has been served on Plaintiffs' counsel via efiling.

_____
TIMOTHY DAVIS

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM WILLIAMS, INDIVIDUALLY §<br>AND A/N/F TO D.H., A MINOR §<br>§<br>VS.                          §<br>§<br>BOBBY GLEN BENHAM AND §<br>WAGNER TRUCKING, INC.   § | CIV. NO. _____ |

EXHIBIT 1 TO DEFENDANTS WAGNER TRUCKING, INC. AND BOB
BENHAM'S NOTICE OF REMOVAL

The following is an index of all documents that clearly identifies each document and indicates the date the document was filed in state court.

|   | Document | Date filed |
|---|----------|------------|
| 1 | Plaintiffs' Original Petition and Written Discovery to Defendants | October 3, 2016 |
| 2 | Civil Case Information Sheet | October 3, 2016 |
| 3 | Citation to Bobby Glen Benham | October 3, 2016 |
| 4 | Citation to Wagner Trucking, Inc. | October 3, 2016 |
| 5 | Letter Order Setting Rule 165A Dismissal Hearing | November 2, 2016 |

Exhibit 1 to Defendants Notice of Removal
Page 1

# EXHIBIT "2"

## Case Information

CC-16-04973-C | KIM WILLIAMS, INDIVIDUALLY AND A/N/F TO A MINOR vs. BOBBY GLEN BENHAM, WAGNER TRUCKING, INC.

| Case Number | Court | File Date |
|---|---|---|
| CC-16-04973-C | County Court at Law No. 3 | 10/03/2016 |
| Case Type | Case Status | |
| DAMAGES (COLLISION) | OPEN | |

## Party

**PLAINTIFF**
WILLIAMS, KIM

Aliases
INDIVIDUALLY AND A/N/F TO A MINOR
Address
212 W. SPRING VALLEY ROAD
RICHARDSON TX 75081

Active Attorneys▾
Lead Attorney
LOAR, JOHN R
Retained

Work Phone
972-789-1664

Fax Phone
972-789-1665

**DEFENDANT**
BENHAM, BOBBY GLEN

Address
540 BUCKINGHAM ROAD
APT 1417
RICHARDSON TX 75081

**DEFENDANT**
WAGNER TRUCKING, INC.

Case 3:16-cv-03126-L   Document 1   Filed 11/09/16   Page 10 of 49   PageID 10

Address
SERVE ITS CEO: JEREMY P. WAGNER
3510 70TH ST NW, APT 82
GARFIELD MN 76332

## Events and Hearings

10/03/2016 NEW CASE FILED (OCA)

10/03/2016 ORIGINAL PETITION ▾

PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFEN

CIVIL CASE INFORMATION SHEET

Comment
PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS

10/03/2016 ISSUE CITATION ▾

ISSUE CITATION

ISSUE CITATION

Comment
LDM PICK UP BOX

10/04/2016 CITATION (SERVICE)▾

Anticipated Server
ATTORNEY

Anticipated Method
Anticipated Server
ATTORNEY

Anticipated Method

12/02/2016 DISMISSAL HEARING ▾

CCL#3 DWOP 165a

Judicial Officer
MONTGOMERY, SALLY

Hearing Time
8:58 AM

## Financial

WILLIAMS, KIM

| | Total Financial Assessment | | | $326.00 |
| | Total Payments and Credits | | | $326.00 |

| 10/3/2016 | Transaction Assessment | | | $326.00 |
| 10/3/2016 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2016-11928 | WILLIAMS, KIM | ($326.00) |

## Documents

PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFEN

CIVIL CASE INFORMATION SHEET

ISSUE CITATION

ISSUE CITATION

CCL#3 DWOP 165a

# EXHIBIT "3"

FILED
10/3/2016 10:38:38 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:16-cv-03126-L    Document 1    Filed 11/09/16    Page 14 of 49    PageID 14

CAUSE NO. CC-16-04973-C _____

| | | |
|---|---|---|
| **KIM WILLIAMS Individually** | § | **IN THE COUNTY COURT** |
| **and a/n/f to D.H., a minor,** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **V.** | § | **AT LAW NO. ___** |
| | § | |
| **BOBBY GLEN BENHAM and** | § | |
| **WAGNER TRUCKING, INC.,** | § | |
| ***Defendants.*** | § | **DALLAS  COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, KIM WILLIAMS Individually and a/n/f to D.H., a minor, Plaintiffs, complaining of and against BOBBY GLEN BENHAM and WAGNER TRUCKING, INC., DEFENDANTS herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Discovery Level 2. Written discovery requests to Defendants are set forth below, including Request for Disclosure, Requests for Production, Request for Admissions, and Interrogatories.  Responses to discovery requests are due **fifty (50) days** from the date Defendants are served with this Petition.

### II.    TEXAS RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiffs prefer to have this Honorable Judge or a jury determine the fair amount of compensation for Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in this Honorable Judge or jury's hands.  However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are required to provide a

statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs states that the monetary relief sought is more than $100,000.00 but less than $200,000.00.

### III. PARTIES AND SERVICE

Plaintiff KIM WILLIAMS is a resident of DALLAS County, Texas.

Plaintiff D.H. is a minor who resides with his legal guardian, KIM WILLIAMS.

Defendant BOBBY GLEN BENHAM is an individual who may be served at his regular place of abode, 540 BUCKINGHAM RD. APT 1417, RICHARDSON, TEXAS 75081 or wherever he may be found. **Issuance of citation is requested at this time**.

Defendant WAGNER TRUCKING, INC. is a company doing business in Texas, without a registered agent in Texas. Defendant WAGNER TRUCKING, INC. may be served with Process by serving its CEO, Jeremy P. Wagner, at his regular place of abode, 3510 70th St NW, Apt 82, Garfield, MN 76332. **Issuance of citation is requested at this time.**

### IV.    JURISDICTION

This Court has jurisdiction as Plaintiff's damages are within the jurisdictional limits of this Court. Plaintiff seeks only monetary relief of $200,000.00 or less, including damages of any kind, penalties, costs, expenses, and pre-judgment interest.

### V.    VENUE

Venue is proper in DALLAS County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in DALLAS County, Texas. The motor vehicle collision subject of this lawsuit occurred in DALLAS County, Texas.

### VI.    FACTS

On or about APRIL 11, 2016, Plaintiffs were driving a vehicle safely traveling in Dallas

County, Texas. Defendant BOBBY GLEN BENHAM failed to operate the vehicle he was driving as an ordinary prudent person and failed to yield the right of way, and as a result caused a collision with Plaintiff's vehicle. As a result of the Defendant's negligence, Plaintiffs suffered personal injuries.

At the time of the collision, Defendant WAGNER TRUCKING, INC. was the owner of the vehicle Defendant BOBBY GLEN BENHAM was driving and entrusted the vehicle to Defendant BOBBY GLEN BENHAM. Defendant BOBBY GLEN BENHAM is an unlicensed, reckless, and/or incompetent driver and this was known to Defendant WAGNER TRUCKING, INC. prior to this collision.

It was the DEFENDANTS' negligence which was the proximate cause of Plaintiffs' personal injuries. At all times relevant to this lawsuit, DEFENDANT BOBBY GLEN BENHAM was acting in the course and scope of his employment with WAGNER TRUCKING, INC., and was driving a vehicle owned by WAGNER TRUCKING, INC..

Additionally, Defendant WAGNER TRUCKING, INC. negligently trained, supervised, retained, and/or employed Defendant BOBBY GLEN BENHAM.

## VII.   NEGLIGENCE OF DEFENDANT BOBBY GLEN BENHAM

The conduct of Defendant was the proximate cause of Plaintiffs' personal injuries in that Defendant's acts or omissions, constituted negligence and/or negligence per se to wit:

a.      failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b.      failing to apply the brakes to the vehicle in order to avoid the collision;

c.      failing to turn the direction of the vehicle away from the Plaintiff's vehicle, in order to avoid the accident;

d.      failing to use due care to avoid the collision;

e.      failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

f.      failing to maintain a safe distance;

g.      following too closely.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of KIM WILLIAMS, sustaining injuries and damages that are described below.

## VIII. NEGLIGENT ENTRUSTMENT – WAGNER TRUCKING, INC.

The conduct of Defendant WAGNER TRUCKING, INC. was the proximate cause of Plaintiff's injuries in that Defendant WAGNER TRUCKING, INC. negligently entrusted Defendant BOBBY GLEN BENHAM a vehicle under the control of Defendant WAGNER TRUCKING, INC.. Plaintiff claims the following:

a.   Defendant WAGNER TRUCKING, INC. was in control of the vehicle used in the collision that occurred on or about APRIL 11, 2016.

b.   Defendant WAGNER TRUCKING, INC. entrusted this vehicle to Defendant CHRISTOPHER TRAMMELL, an unlicensed, incompetent and/or reckless driver.

c.   Defendant WAGNER TRUCKING, INC. knew or should have known Defendant BOBBY GLEN BENHAM was an unlicensed, incompetent and/or reckless driver at the time of entrustment.

d.   Defendant WAGNER TRUCKING, INC.'s negligence was the proximate cause of Plaintiff's injuries.

## IX. VICARIOUS LIABILITY OF DEFENDANT WAGNER TRUCKING, INC.

At all relevant times, DEFENDANT BOBBY GLEN BENHAM acted within his course and scope of employment for WAGNER TRUCKING, INC.. As such, DEFENDANT WAGNER TRUCKING, INC. is vicariously liable for the acts of DEFENDANT BOBBY GLEN BENHAM under the doctrine of respondeat superior. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## X. NEGLIGENT HIRING, SUPERVISION, TRAINING, AND/OR RETENTION BY DEFENDANT WAGNER TRUCKING, INC.OF DEFENDANT BOBBY GLEN BENHAM

Defendant WAGNER TRUCKING, INC. owed a duty to Plaintiff to hire, supervise, train, and/or retain Defendant BOBBY GLEN BENHAM . Defendant WAGNER TRUCKING, INC. breached this duty by negligently hiring, supervising, training, and retaining Defendant BOBBY GLEN BENHAM , and as a result of this negligent, Plaintiff was injured.

## XI.    DAMAGES

As a result of the negligent conduct of Defendant, Plaintiff KIM WILLIAMS suffered the injuries and damages, described below:

a.    Actual medical bills incurred by Plaintiff, which are necessary and reasonable for these types of services in the DALLAS  county; and for future medical attention in amounts unknown at this time;

b.    Monetary damages for Plaintiff for past physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

c.    Monetary damages for Plaintiff for future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

d.    Physical impairment in the past and future as determined by the trier of fact;

e.      Disfigurement in the past and future;

f.      Lost wages;

g.      Lost earning capacity in the past and future;

h.      Property Damage, including loss of use and diminished value;

## XII.   DISCOVERY REQUESTS TO DEFENDANT BOBBY GLEN BENHAM

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. All responses and responsive documents to Plaintiff's First Set of Discovery is due fifty (50) days from the date Defendant is served with this Petition to the office of Modjarrad and Abusaad Law Firm located at 212 W. Spring Valley Rd., Richardson, Texas 75081.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.  "Defendant," "you," or "your" means BOBBY GLEN BENHAM, individually.

2.  "Plaintiff" means KIM WILLIAMS Individually and a/n/f to D.H, a minor.

3.  "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with his or it, or under his or its control, whether directly or indirectly, including any attorney.

4.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession to the item, as per TRCP 192.7.

5.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6.  "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

7. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, laptop computer, notebook computer, hand-held computer, tablet computer, electronic rolodex, e-book, or walkie-talkie.

8. "Identify" or "describe," when referring to a person, means you must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

9. "Identify" or "describe," when referring to a document, means you must state the following:

    a. The nature (e.g. letter, handwritten note) of the document.
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10. The word "and" means "and/or." The word "or" means "or/and."

11. The word "vehicle" means a vehicle/vehicles that is involved in motor vehicle accident that is the subject of this suit.

12. Accident," "incident," or "collision" means the motor vehicle collision that occurred on or about APRIL 11, 2016, between Plaintiff and Defendant, forming the basis of this lawsuit

## **Rule 194 Requests for Disclosure**

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a. The correct names of the parties to the lawsuit;

b. The name, address and telephone number of any potential parties;

c.    The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d.    The amount and method of calculating economic damages;

e.    The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

f.    For any testifying expert:
      (1)  The expert's name, address and phone number;
      (2)  The subject matter on which the expert will testify;
      (3)  The general substance of the expert's mental impressions and opinions and     brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
      (4)  If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
           a.  All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
           b.  The expert's current resume and bibliography

g.    Any discoverable indemnity and insuring agreements;

h.    Any discoverable settlement agreements;

i.    Any discoverable witness statements;

j.    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k.    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.

l.    The name, address, and telephone number of any person who may be designated as a responsible third party.

m.    All documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

## **Interrogatories**

**Interrogatories to Defendant**

**INTERROGATORY NO. 1.**

Identify the defendant with regard to the following:

a. full name;
b. date and place of birth;
c. residential address;
d. business or school address;
e. occupation.

ANSWER:

**INTERROGATORY NO. 2.**

If the defendant was a licensed driver at the time of the collision, state:

a. the full name and address that appeared on that license;
b. the state that issued the license;
c. the license identification number;
d. the license's expiration date;
e. whether any restrictions appeared on the license; and

ANSWER:

**INTERROGATORY NO. 3.**

Set forth the defendant's record of arrests, indictments, traffic citations and equipment violations where you either plead guilty or were found guilty since your turned eighteen years of age.

ANSWER:

**INTERROGATORY NO. 4.**

With regard to the actual occurrence of the collision in question, state:

a. the model year, make, model, license plate number, vehicle identification number (VIN) and color of the vehicle Defendant was driving that was involved in the collision;
b. the date, time and place of the collision;
c. the direction in which the defendant was traveling at the time of the collision;
d. the name of the roadway on which the Plaintiff was traveling and the   general direction of travel prior to the collision;
e. the direction in which the defendant was traveling at the time of the collision;

    f.   the name of the roadway on which the defendant was traveling and the     general direction of travel prior to the collision;

    g.   the traffic conditions at the time of the collision; and

    h.   the roadway and weather conditions at the time of the collision.

ANSWER:

**INTERROGATORY NO. 5.**

    With regard to the defendant's vehicle at the time of the collision, state:

    b.   the place where the trip was commenced;

    c.   the planned destination;

    d.   the length of time the defendant's vehicle had been in continuous operation from the commencement of the trip until the time of the collision;

    e.   the distance, in miles, that the defendant' vehicle had traveled from the commencement of the trip until the time of the collision; and

    f.   the owner of the vehicle at the time of the collision and, if different, the owner of the vehicle today.

ANSWER:

**INTERROGATORY NO. 6.**

If the defendant or any other occupant of the vehicle, consumed any alcoholic beverages within 8 hours prior to the collision, state:

    a.   the identity of the persons who consumed the alcoholic beverages;

    b.   the place where the alcoholic beverages were consumed;

    c.   the time at which the alcoholic beverages were consumed;

    d.   the quantity and type of alcoholic beverages consumed;

    e.   the period and time over which the alcoholic beverages were consumed; and

    f.   the time the last drink was consumed.

ANSWER:

**INTERROGATORY NO. 7.**

If the defendant received any citation or summons from a law enforcement officer for the manner or method of the operation of the vehicle, or for the equipment on that vehicle, state for each citation or summons:

    a.   the identity, including name and badge number of the law enforcement officer who issued it:

    b.   the basis for the summons or citation;

    c.   the court to which the charges were returnable;

    d.  the date on which the charges were returnable;
    e.  the ultimate plea entered by the defendant with respect to the charges; and
    f.  the disposition of the charges.

<u>ANSWER:</u>

**INTERROGATORY NO. 8.**

      If the defendant or any of the defendant's representatives has either made or obtained any reports or statements concerning the collision, state with respect to each such report or statement:

    a.  the name, business address and title of the person or other entity who made or received the report or statement;
    b.  the date on which the report or statement was made;
    c.  the nature of the report or statement; and
    d.  the name and address of the person who has present custody of the report or statement.

<u>ANSWER:</u>

**INTERROGATORY NO. 9.**

      If the defendant or the defendant's representatives has conducted, or caused to be conducted, any investigation into the facts and circumstances surrounding the collision, state for each such investigation.  Please note: the identity of the person conducting the investigation is not work product, nor is the information about witness statements.

    a.  the identity of the person who conducted the investigation, including name, address and title;
    b.  the date or dates on which the investigation was conducted;
    c.  the identity of the speaker each statement obtained by the investigator, including the name and address of the person who made the statement, the date on which the statement was made and whether the statement was signed; and
    d.  the identity including name, address and title, of the person who has presented custody of each statement obtained by the investigator.

<u>ANSWER:</u>

**INTERROGATORY NO. 10.**

      If the defendant or any of the defendant's representatives has obtained any photographs of the collision site, the vehicle involved or the plaintiff, or photographs that pertain to the manner in which the collision occurred, state for each such photograph:

    a.  the date on which the photograph was taken;
    b.  the time at which the photograph was taken;

c.  the identity, including name, address and job title, of the person who took the photographs;

d.  the nature of the scene the photograph depicts; and

e.  the identity, including name, address and job title, of the person who has present custody of the photograph.

ANSWER:

**INTERROGATORY NO. 11.**

Identify every person who has impeachment or rebuttal evidence and describe the evidence each person has, including criminal convictions of the Plaintiff. If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information.

ANSWER:

**INTERROGATORY NO. 12.**

If the Defendant had a mobile device in the vehicle at the time of the collision, identify the mobile device with regard to

a.  Phone make and model;

b.  Carrier;

c.  Phone Number;

d.  Account number

e.  The last time a call was made to or from the mobile device prior to the collision

f.  The last time a message (text, email or otherwise) was sent or received prior to the collision.

g.  The last time data was either uploaded or downloaded by the Defendant prior to the collision.

h.  The first time a call was made to or from the mobile device after the collision

i.  The first time a message (text, email or otherwise) was sent or received after the collision.

j.  The first time data was either uploaded or downloaded by the Defendant after the collision.

ANSWER:

**INTERROGATORY NO. 13.**

Identify the activities of Defendant in the 4 hours prior to the accident.

ANSWER:

**INTERROGATORY NO. 14.**

In your own words, describe how the motor vehicle accident took place.

ANSWER:

**INTERROGATORY NO. 15.**

Describe the conversation between you and the parties immediately after the accident.

ANSWER:

### **Requests for Production of Documents to Defendant**

**REQUEST NO. 1.**

Produce the title to the vehicle defendant was driving on the day of the collision.

RESPONSE:

**REQUEST NO. 2.**

Produce a true and legible copy of the front and back of defendant's current driver's license.

RESPONSE:

**REQUEST NO. 3.**

Produce all photographs and video tapes defendant has showing the scene or location of the collision, as well as the nature and extent of any damage to either party's vehicle as a result of the occurrence.

RESPONSE:

**REQUEST NO. 4.**

Produce the damage appraisal of defendant's vehicle, as well as any bills, invoices, statements, or other documents showing the actual cost of repairs made to your vehicle as a result of the collision.

RESPONSE:

**REQUEST NO. 5.**

Produce all drawings, maps, or sketches of the scene of the collision.

RESPONSE:

**REQUEST NO. 6.**

Produce any surveillance movies, photographs, or videotapes of plaintiff or of the collision.

RESPONSE:

**REQUEST NO. 7.**

Produce the police report or other report of any governmental agency relating to the collision.

RESPONSE:

**REQUEST NO. 8.**

Produce all documents relating to any inspection performed on your vehicle within the past five years.

RESPONSE:

**REQUEST NO. 9.**

Produce all documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

RESPONSE:

**REQUEST NO. 10.**

Produce any written, taped or mechanically reproduced statement made of any Defendant or Plaintiff.

RESPONSE:

**REQUEST NO. 11.**

Produce the entire claim and investigations file of your insurance company, including, but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the collision generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business. Note that this information is generally not work product and contains discoverable information. *See In re Ford Motor Co.* 988 S.W.2d 714, 719 (Tex. 1998)*, Dunn Equip. v. Gayle,* 725 S.W.2d 372, 374-375 (Tex.App.—Houston [14th dist.] 1987, orig proceeding).

RESPONSE:

**REQUEST NO. 12.**

Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:
    a.    The collision;
    b.    Plaintiff's damages;
    c.    The presentation of any testimony;
    d.    Whether or how to conduct any cross examination;
    e.    The performance of discovery; and/or
    f.    The presentation of any defense, excuse, or inferential rebuttal.

RESPONSE:

**REQUEST NO. 13.**

Produce any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge or relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or he was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

RESPONSE:

**REQUEST NO. 14.**

Produce any and all records for mobile devices in the vehicle at the time of the collision. For the purposes of this Request, production of records for the day of the collision are sufficient. This includes, voice, data, and text records.

RESPONSE:

**REQUEST NO. 15.**

All documents and records Defendant obtains from all sources to be used at trial.  This includes, but is not limited to, any documents received via Depositions on Written Questions.

RESPONSE:

**Requests for Admissions to Defendant**

Please Admit or Deny the following:

**REQUEST 1.**   Defendant was operating a motor vehicle on APRIL 11, 2016, when said defendant was involved in a collision.

**REQUEST 2.**   At the time of the collision, Defendant did not own the vehicle involved in the collision.

**REQUEST 3.**   The condition of the road did not contribute to the cause of the collision.

**REQUEST 4.**   Lighting conditions did not contribute to the cause of the collision.

**REQUEST 5.**   Weather conditions did not contribute to the cause of the collision.

**REQUEST 6.**   A sudden emergency did not contribute to the cause of the collision.

**REQUEST 7.**   An act of God did not contribute to the cause of the collision.

**REQUEST 8.**   Defendant does not contend the collision was unavoidable.

**REQUEST 9.**   Defendant's driver's license was not valid at the time of this collision.

**REQUEST 10.**   No defect or malfunction in the vehicle Defendant was driving contributed to the cause of the collision.

**REQUEST 11.**   Defendant was using a mobile device when the collision occurred.

**REQUEST 12.**   Defendant was under the influence of drugs or alcohol when the collision occurred.

**REQUEST 13.**   Defendant had ingested or consumed drugs or alcohol within the 24 hours before the collision.

**REQUEST 14.**    Plaintiff did not contribute to the cause of the collision.

**REQUEST 15.**    Defendant was acting within the scope of his employment for WAGNER TRUCKING, INC..

**REQUEST 16.**    Defendant was under the direct supervision of WAGNER TRUCKING, INC..

**REQUEST 17.**    Defendant had never driving a vehicle prior to APRIL 11, 2016.

## XIII.   DISCOVERY REQUESTS TO DEFENDANT WAGNER TRUCKING, INC.

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. All responses and responsive documents to Plaintiff's First Set of Discovery is due fifty (50) days from the date Defendant is served with this Petition to the office of Modjarrad and Abusaad Law Firm located at 212 W. Spring Valley Rd., Richardson, Texas 75081.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.  "Defendant," "you," or "your" means WAGNER TRUCKING, INC., individually.

2.  "Plaintiff" means KIM WILLIAMS

3.  "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with his or it, or under his or its control, whether directly or indirectly, including any attorney.

4.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession to the item, as per TRCP 192.7.

5.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

6.  "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

7. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, laptop computer, notebook computer, hand-held computer, tablet computer, electronic rolodex, e-book, or walkie-talkie.

8. "Identify" or "describe," when referring to a person, means you must state the following:

      a. The full name.
      b. The present or last known residential address and residential telephone number.
      c. The present or last known office address and office telephone numbers.
      d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
      e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

9. "Identify" or "describe," when referring to a document, means you must state the following:

      a. The nature (e.g. letter, handwritten note) of the document.
      b. The title or heading that appears on the document.
      c. The date of the document and the date of each addendum, supplement, or other addition or change.
      d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
      e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10. The word "and" means "and/or." The word "or" means "or/and."

11. The word "vehicle" means a vehicle/ or vehicles that is involved in motor vehicle accident that is the subject of this suit.

12. Accident," "incident," or "collision" means the motor vehicle collision that occurred on or about APRIL 11, 2016, between Plaintiff and Defendant, forming the basis of this lawsuit

## **Rule 194 Requests for Disclosure**

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

    a. The correct names of the parties to the lawsuit;

    b. The name, address and telephone number of any potential parties;

c.   The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d.   The amount and method of calculating economic damages;

e.   The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

f.   For any testifying expert:
  (1)  The expert's name, address and phone number;
  (2)  The subject matter on which the expert will testify;
  (3)  The general substance of the expert's mental impressions and opinions and    brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
  (5)  If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
      a.  All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
      b.  The expert's current resume and bibliography

g.   Any discoverable indemnity and insuring agreements;

h.   Any discoverable settlement agreements;

i.   Any discoverable witness statements;

j.   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k.   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.

l.   The name, address, and telephone number of any person who may be designated as a responsible third party.

m.   All documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

**Interrogatories to Defendant**

**INTERROGATORY NO. 1:**
Please state whether, prior to entrusting your vehicle to DEFENDANT BOBBY GLEN BENHAM , you inquired into DEFENDANT BOBBY GLEN BENHAM 's ability to safely operate a motor vehicle.

ANSWER:

**INTERROGATORY NO. 2:**
If your answer to interrogatory number 1 is yes, please describe the inquiry.  If not, please set forth your reasons why you undertook no such inquiry

ANSWER:

**INTERROGATORY NO. 3:**
Please state whether, prior to entrusting your vehicle to DEFENDANT BOBBY GLEN BENHAM , YOU engaged in any inquiry to determine the nature of DEFENDANT BOBBY GLEN BENHAM 's driving record and whether or not she had a driver's license.

ANSWER:

**INTERROGATORY NO. 4:**
If your answer to interrogatory number 3 was yes, please set forth each step YOU took to determine the nature of DEFENDANT BOBBY GLEN BENHAM 's driving record.  If not, please state why you did not investigate his driving record and whether he had a driver's license.

ANSWER:

**INTERROGATORY NO. 5:**
Briefly describe how DEFENDANT BOBBY GLEN BENHAM gained control of your vehicle.

ANSWER:

**INTERROGATORY NO. 6:**
Identify every person or agency to whom you reported your vehicle as missing or stolen from the time period one week before the collision to one week after the collision.

ANSWER:

**Request for Admissions to Defendant**

**ADMISSION  NO. 1**
Do you admit or deny that on APRIL 11, 2016, a collision occurred between vehicles operated by Defendant, DEFENDANT BOBBY GLEN BENHAM and Plaintiff?

REPLY:

**ADMISSION  NO. 2**
Do you admit or deny that at the time of the collision that the vehicle being driven by defendant, DEFENDANT BOBBY GLEN BENHAM was owned by you?

REPLY:

**ADMISSION  NO. 3**
Do you admit or deny that at the time of the collision that the vehicle being driven by defendant, DEFENDANT BOBBY GLEN BENHAM had been left in the care and control of DEFENDANT BOBBY GLEN BENHAM by you?

REPLY:

**ADMISSION  NO. 4**
Do you admit or deny that the accident made the basis of this lawsuit was caused by the negligence of defendant, DEFENDANT BOBBY GLEN BENHAM ?

REPLY:

**ADMISSION  NO. 5**
Do you admit or deny that Defendant, DEFENDANT BOBBY GLEN BENHAM was authorized by you to use/operate the vehicle on the date of the collision?

REPLY:

**ADMISSION  NO. 6**
Do you admit or deny that Defendant, DEFENDANT BOBBY GLEN BENHAM does not have a valid Driver's License?

REPLY:

**ADMISSION  NO. 7**
Do you admit or deny that you did not report your vehicle as missing or stolen to the police on the day of the collision?

REPLY:

**ADMISSION  NO. 8**
Do you admit or deny that you had given DEFENDANT BOBBY GLEN BENHAM permission to use your car prior to the day of the collision?

REPLY:

**ADMISSION  NO. 9**

Do you admit or deny that DEFENDANT BOBBY GLEN BENHAM was using a key when he was driving your car on the day of the collision.

REPLY:

## XIV.   NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XV.   TRCP 54 CONDITIONS PRECEDENT

Plaintiff pleads that all conditions precedent have been performed or have occurred.

## PRAYER

**WHEREFORE**, Plaintiff will respectfully request that DEFENDANTS be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against DEFENDANTS for the following:

a.   Damages pleaded herein;

b.   Pre and post judgment interest at the maximum legal rate;

c.   Cost of Court; and

d.   for such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

MODJARRAD | ABUSAAD | SAID, LAW FIRM

By: _____

**J. ROB LOAR**
TEXAS BAR NO.24081007
212 W. Spring Valley Road.
Richardson, Texas 75081
Tel. (972) 789-1664
Fax. (972) 789-1665
Email: jloar@modjarrad.com
ATTORNEY FOR PLAINTIFFS

# CIVIL CASE INFORMATION SHEET

CAUSE NO. (FOR CLERK USE ONLY): ___CC-16-04973-E___

STYLED ___KIM WILLIAMS ET AL. v. BOBBY GLEN BENHAM ET AL.___
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: **J. Rob Loar**  Email: jloar@modjarrad.com | Plaintiff(s)/Petitioner(s):  **Kim Williams, Individually and A/N/F to D.H. (a minor)** | ☒ Attorney for Plaintiff/Petitioner  ☐ Pro Se Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other: _____ |
| Address: **212 West Spring Valley Rd.**  Telephone: **(972) 789-1664** | Defendant(s)/Respondent(s):  **Bobby Glen Benham and Wagner Trucking, Inc.** | Additional Parties in Child Support Case:  Custodial Parent: |
| City/State/Zip: **Richardson, Texas 75081**  Fax: **(972) 789-1665** | [Attach additional page as necessary to list all parties] | Non-Custodial Parent: |
| Signature:  State Bar No: **24081007** | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*  ☐ Consumer/DTPA  ☐ Debt/Contract  ☐ Fraud/Misrepresentation  ☐ Other Debt/Contract: ___ | ☐ Assault/Battery  ☐ Construction  ☐ Defamation  *Malpractice*  ☐ Accounting  ☐ Legal  ☐ Medical  ☐ Other Professional Liability: ___ | ☐ Eminent Domain/ Condemnation  ☐ Partition  ☐ Quiet Title  ☐ Trespass to Try Title  ☐ Other Property: ___ | ☐ Annulment  ☐ Declare Marriage Void  *Divorce*  ☐ With Children  ☐ No Children | ☐ Enforcement  ☐ Modification—Custody  ☐ Modification—Other |
| *Foreclosure*  ☐ Home Equity—Expedited  ☐ Other Foreclosure  ☐ Franchise  ☐ Insurance  ☐ Landlord/Tenant  ☐ Non-Competition  ☐ Partnership  ☐ Other Contract: ___ | ☒ Motor Vehicle Accident  ☐ Premises  *Product Liability*  ☐ Asbestos/Silica  ☐ Other Product Liability List Product: ___  ☐ Other Injury or Damage: ___ | **Related to Criminal Matters**  ☐ Expunction  ☐ Judgment Nisi  ☐ Non-Disclosure  ☐ Seizure/Forfeiture  ☐ Writ of Habeas Corpus— Pre-indictment  ☐ Other: ___ | **Title IV-D**  ☐ Enforcement/Modification  ☐ Paternity  ☐ Reciprocals (UIFSA)  ☐ Support Order |  |
|  |  |  | **Other Family Law**  ☐ Enforce Foreign Judgment  ☐ Habeas Corpus  ☐ Name Change  ☐ Protective Order  ☐ Removal of Disabilities of Minority  ☐ Other: ___ | **Parent-Child Relationship**  ☐ Adoption/Adoption with Termination  ☐ Child Protection  ☐ Child Support  ☐ Custody or Visitation  ☐ Gestational Parenting  ☐ Grandparent Access  ☐ Parentage/Paternity  ☐ Termination of Parental Rights  ☐ Other Parent-Child: ___ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination  ☐ Retaliation  ☐ Termination  ☐ Workers' Compensation  ☐ Other Employment: ___ | ☐ Administrative Appeal  ☐ Antitrust/Unfair Competition  ☐ Code Violations  ☐ Foreign Judgment  ☐ Intellectual Property | ☐ Lawyer Discipline  ☐ Perpetuate Testimony  ☐ Securities/Stock  ☐ Tortious Interference  ☐ Other: ___ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal  ☐ Tax Delinquency  ☐ Other Tax | *Probate/Wills/Intestate Administration*  ☐ Dependent Administration  ☐ Independent Administration  ☐ Other Estate Proceedings | ☐ Guardianship—Adult  ☐ Guardianship—Minor  ☐ Mental Health  ☐ Other: ___ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court  ☐ Arbitration-related  ☐ Attachment  ☐ Bill of Review  ☐ Certiorari  ☐ Class Action | ☐ Declaratory Judgment  ☐ Garnishment  ☐ Interpleader  ☐ License  ☐ Mandamus  ☐ Post-judgment | ☐ Prejudgment Remedy  ☐ Protective Order  ☐ Receiver  ☐ Sequestration  ☐ Temporary Restraining Order/Injunction  ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-16-04973-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**BOBBY GLEN BENHAM, ONE OF THE DEFENDANTS**
**540 BUCKINGHAM ROAD**
**APT 1417**
**RICHARDSON TX  75081**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you."  Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**KIM WILLIAMS, INDIVIDUALLY**
**AND A/N/F TO A MINOR,**
*Plaintiff(s)*
**VS.**

**BOBBY GLEN BENHAM; WAGNER TRUCKING, INC.**
*Defendant(s)*

filed in said Court on the 3rd day of October, 2016a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 4th day of October, 2016 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
     Momodou Bayo



---

| **ATTORNEY** |
| :---: |
| **CITATION** |
| **PLAINTIFFS' ORIGINAL PETITION** |
| **AND WRITTEN DISCOVERY TO** |
| **DEFENDANTS** |

## CC-16-04973-C

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
**Dallas County, Texas**

KIM WILLIAMS,
INDIVIDUALLY AND A/N/F TO A
MINOR,
*Plaintiff(s)*

VS.

BOBBY GLEN BENHAM; WAGNER
TRUCKING, INC., *Defendant(s)*

---

**SERVE:**
**BOBBY GLEN BENHAM,**
**ONE OF THE DEFENDANTS**
**540 BUCKINGHAM ROAD**
**APT 1417**
**RICHARDSON TX  75081**

**ISSUED THIS**
**4TH DAY OF OCTOBER, 2016**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

JOHN R LOAR
MAS LAW FIRM
212 W SPRING VALLEY RD
RICHARDSON TX  75081
972-789-1664

**NO OFFICER'S FEES HAVE BEEN**
**COLLECTED BY DALLAS COUNTY CLERK**

## OFFICER'S RETURN

CC-16-04973-C   County Court at Law No. 3

KIM WILLIAMS,  INDIVIDUALLY AND A/N/F TO A MINOR vs. BOBBY GLEN BENHAM, WAGNER TRUCKING, INC.

**ADDRESS FOR SERVICE:**
540 BUCKINGHAM ROAD
APT 1417
RICHARDSON TX  75081

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to BOBBY GLEN BENHAM in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
|      |           |                                             |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy      $_____      _____, Officer

Total   $_____      _____, County, Texas

By:_____, Deputy

_____, Affiant

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-16-04973-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**WAGNER TRUCKING, INC., ONE OF THE DEFENDANTS**
**SERVE ITS CEO JEREMY P WAGNER**
**3510 70TH ST NW APT 82**
**GARFIELD MN  76332**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS, a copy of which accompanies this citation, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County  Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**KIM WILLIAMS,  INDIVIDUALLY**
**AND A/N/F TO A MINOR,** *Plaintiff(s)*

**VS.**

**BOBBY GLEN BENHAM; WAGNER TRUCKING, INC.**
*Defendant(s)*

filed in said Court on the 3rd day of October, 2016a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 4th day of October, 2016 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
Momodou Bayo



---

**ATTORNEY**
**CITATION**
**PLAINTIFFS' ORIGINAL PETITION**
**AND WRITTEN DISCOVERY TO**
**DEFENDANTS**

**CC-16-04973-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

KIM WILLIAMS,  INDIVIDUALLY
AND A/N/F TO A MINOR,
*Plaintiff(s)*

VS.

BOBBY GLEN BENHAM; WAGNER
TRUCKING, INC., *Defendant(s)*

**SERVE:**
**WAGNER TRUCKING, INC.,**
**ONE OF THE DEFENDANTS**
**SERVE ITS CEO JEREMY P WAGNER**
**3510 70TH ST NW APT 82**
**GARFIELD MN  76332**

**ISSUED THIS**
**4TH DAY OF OCTOBER, 2016**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff
JOHN R LOAR
MAS LAW FIRM
212 W SPRING VALLEY RD
RICHARDSON TX 75081
972-789-1664

**NO OFFICER'S FEES HAVE BEEN**
**COLLECTED BY DALLAS COUNTY CLERK**

## OFFICER'S RETURN

CC-16-04973-C   County Court at Law No. 3

KIM WILLIAMS, INDIVIDUALLY AND A/N/F TO A MINOR vs. BOBBY GLEN BENHAM, WAGNER TRUCKING, INC.

**ADDRESS FOR SERVICE:**
SERVE ITS CEO JEREMY P WAGNER
3510 70TH ST NW APT 82
GARFIELD MN  76332

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to WAGNER TRUCKING, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy   $_____   _____, Officer

Total   $_____   _____, County, Texas

By:_____, Deputy

_____, Affiant



DALLAS COUNTY
County Court at Law No. 3
GEORGE L ALLEN BUILDING, 5TH FLOOR
600 COMMERCE STREET, 5th FLOOR
DALLAS, TEXAS  75202-5792
214-653-6394

Chambers of Sally Montgomery                                      November 02, 2016

JOHN R LOAR
MAS LAW FIRM
212 W SPRING VALLEY RD
RICHARDSON TX  75081

Re:      Cause No.   CC-16-04973-C

        Style:      KIM WILLIAMS
                          vs.
                BOBBY GLEN BENHAM; WAGNER TRUCKING, INC.

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rule of Civil Procedure,
on   **December 02, 2016 at  9:00 a.m.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts
alleged in your petition in issue, you will be expected to have moved for, and to have  had heard, a summary
judgment or to have proved up a default judgment on or prior to that date.  Your failure to have done so will
result in the dismissal of the case on the above date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case,
or if you have been unable to obtain service of process, you should plan to notify the court to obtain a reset of
the dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an un-liquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit with a form of judgment.

If you should have any questions, please feel free to call us.

                                  Very Truly Yours,

                                  Judge Sally Montgomery
                                  Judge Presiding

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kim Williams, Individually and a/n/f to D.H., a minor | Bobby Glen Benham and Wagner Trucking, Inc. |

**(b)** County of Residence of First Listed Plaintiff  Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Washington State
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
see attachment

Attorneys *(If Known)*
see attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine Injury Product | | **LABOR** | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 710 Fair Labor Standards | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | | Act | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☒ 350 Motor Vehicle    ☐ 370 Other Fraud | | ☐ 720 Labor/Management | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | | Relations | Exchange |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | | ☐ 751 Family and Medical | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | | Leave Act | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Product Liability | | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information |
| | Medical Malpractice | | ☐ 791 Employee Retirement | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | | Income Security Act | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | | 26 USC 7609 | |
| | Employment    **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Other    ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
    Proceeding

☒ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation -
    Transfer

☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441, and 1446
Brief description of cause:
Diversity of citizenship; personal injury from a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____  DOCKET NUMBER _____

DATE
11/08/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM WILLIAMS, INDIVIDUALLY | § | |
| AND A/N/F TO D.H., A MINOR | § | |
| | § | |
| VS. | § | CIV. NO. _____ |
| | § | |
| BOBBY GLEN BENHAM AND | § | |
| WAGNER TRUCKING, INC. | § | |

---

## ADDITIONAL INFORMATION TO THE CIVIL COVER SHEET

---

1(c)    Attorneys (Firm Name, Address, and Telephone Number):

Party and Party Type:

Plaintiff:    Kim Williams, Individually and a/n/f to D.H., a Minor

Attorney:    J. Rob. Loar
Texas Bar No. 24081007
Modjarrad Abusaad Said Law Firm
212 W. Spring Valley Road
Richardson, Texas 75081
(972) 789-1664
(972) 789-1665 fax
jloar@modjarrad.com

Defendants:   Bobby Glen Benham and Wagner Trucking, Inc.

Attorney:     Jeffery Kershaw
              Texas Bar No.
              Timothy Davis
              Texas Bar No. 24086142
              Chamblee, Ryan, Kershaw & Anderson, P.C.
              2777 N. Stemmons Freeway, Suite 1157
              Dallas, Texas 75207
              (214) 905-2003
              (214) 905-1213 fax
              jkershaw@crka.law
              tdavis@crka.law

Supplemental Civil Cover Sheet
Page **1** of **2**

## Supplemental Civil Cover Sheet for Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| Dallas County Court at Law No. 3 | CC-16-04973-C |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party and Party Type | Attorney(s) |
|---|---|
| Please see attached | |
| | |
| | |
| | |
| | |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?     ✓ Yes          ☐ No

   If "*Yes,*" by which party and on what date?

   Defendant _____          November 8, 2016 _____
   Party                                                                      Date

4. **Answer:**

Was an Answer made in State Court?   ☑ Yes        ☐ No

If "*Yes*," by which party and on what date?

<u>Bobby Benham and Wagner Trucking, Inc.</u>        <u>November 8, 2016</u>
Party                                             Date

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|---|---|
|  |  |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Plaintiffs | Seek recovery for personal injuries and property damage |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM WILLIAMS, INDIVIDUALLY | § | |
| AND A/N/F TO D.H., A MINOR | § | |
| | § | |
| VS. | § | CIV. NO. _____ |
| | § | |
| BOBBY GLEN BENHAM AND | § | |
| WAGNER TRUCKING, INC. | § | |

---

ADDITIONAL INFORMATION TO THE SUPPLEMENTAL CIVIL COVER
SHEET FOR CASES REMOVED FROM STATE COURT

---

2.      Style of the Case:

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

Party and Party Type:

Plaintiff:     Kim Williams, Individually and a/n/f to D.H., a Minor

Attorney:     J. Rob. Loar
              Texas Bar No. 24081007
              Modjarrad Abusaad Said Law Firm
              212 W. Spring Valley Road
              Richardson, Texas 75081
              (972) 789-1664
              (972) 789-1665 fax
              jloar@modjarrad.com

Additional Information to the Supplemental Civil Cover Sheet
for Cases Removed from State Court
Page 1

Defendants:   Bobby Glen Benham and Wagner Trucking, Inc.

Attorney:     Jeffery Kershaw
              Texas Bar No.
              Timothy Davis
              Texas Bar No. 24086142
              Chamblee, Ryan, Kershaw & Anderson, P.C.
              2777 N. Stemmons Freeway, Suite 1157
              Dallas, Texas 75207
              (214) 905-2003
              (214) 905-1213 fax
              jkershaw@crka.law
              tdavis@crka.law

Additional Information to the Supplemental Civil Cover Sheet
for Cases Removed from State Court
Page 2